**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:

      Anthony Stendardo and   :   CHAPTER 13
      Loretta Stendardo
             Debtor   :   BANKRUPTCY NO. 15-16334amc

**THIRD AMENDED CHAPTER 13 PLAN OF THE DEBTOR (6/12/2017)**

    1. Debtors shall submit to the supervision and control of the trustee the following sums:

    a. **From the date of the filing of the petition to the effective date of the plan, Debtors shall pay to the trustee $5.00 a month.**

    b. **Commencing on the effective date of the plan and continuing for not more than 36 months after that effective date,** Debtors shall submit to the Trustee -- **$90.00** monthly - until a total of **$3,240.00** has been paid to the trustee.

    2. The various claims of Debtors' creditors shall be classified as follows:

    a. **CLASS 1** - Claims filed and allowed which are entitled to priority under 11 U.S.C. §507. The administrative costs of the trustee are the only priority claims or administrative claims contemplated by this plan. Any creditor entitled to priority under §507 of the Bankruptcy Code contrary to the provisions of this plan shall be deemed to have waived any such priority, unless such entity timely objects to the plan prior to the entry of the order of confirmation.

b. **CLASS 2** - The claim of U.S. Bank National Association, Trustee (hereinafter "U.S. Bank") through its servicer J.P. Morgan Chase Bank N.A. or its successor in interest filed and allowed, for pre-petition payment of principal, interest and insurance payments actually expended which are due or may be due or which U.S. Bank claims to be due from Debtors under the provisions of Debtors' mortgage agreement dated September 11, 2000 between Firstplus Financial, Inc. (Firstplus") and Debtors, including all such amounts which became legitimately due prior to the commencement of the above captioned case, to the extent that such claim is a secured claim within the meaning of 11 U.S.C. §506(a) secured by a lien on 2716 E. Birch Street, Philadelphia, PA 19134-5710 which is not void or avoidable under the provisions of the Code and which is not for interest, fees, costs or charges which are not permitted under 11 U.S.C. §506(b);

c. **CLASS 3** - The claim, filed and allowed on behalf of Liberty Savings Bank/Bank of America, N.A./Chase/U.S. Bank National Association, Trustee by the Debtor as a secured claim secured by a lien on 2716 E. Birch Street, Philadelphia, PA 19134-5710 for the **total unpaid balance, if any,** due under the judgment in mortgage foreclosure entered in the case of *Liberty Savings Bank F.S.B. v Stendardo*, C.C.P. Phila. Cty. September Term 2000, No. 01397 on or about April 20, 2002 (hereinafter, "the Mortgage Foreclosure Judgment") to the extent the allowed

claim is a secured claim, within the meaning of 11 U.S.C. §506(a), secured by a lien on Debtors' interest in 2716 E. Birch Street, Philadelphia, PA 19134-5710 which is not void or avoidable under the provisions of the Bankruptcy Code.  Debtor has filed this claim pursuant to 11 U.S.C. §501(c)in the amount of **$1000.00** – **Claim #6-1 and U.S. Bank Trustee has filed an objection to the claim.  This Objection has been resolved by a stipulation of settlement under which Debtor agreed to make a lump sum payment to J.P. Mortgage Chase Bank as the Servicer of the underlying mortgage and Judgment in Mortgage Foreclosure in consideration for the satisfaction of the judgment and mortgage.  The Stipulation of Settlement approved by the Court by Order dated 4/4/2017 (Dkt #60) is incorporated herein by reference**.

   d. **CLASS 4** – The claim filed and allowed as a secured claim of the City of Philadelphia, secured by a lien on 2716 E. Birch Street, Philadelphia, PA for unpaid water bills due on 2716 E. Birch Street, Philadelphia, PA 19134-5710. **Claim #2-1 which has been filed in the amount of $3,341.97.**

   e. **CLASS 5** – The claim filed as a secured claim, if any, of the Philadelphia Gas works for unpaid gas bills due on 2716 E. Birch Street, Philadelphia, PA 19134-5710 Philadelphia, PA 19143-2520.

   f. **CLASS 6** – The claim of Pennsylvania Housing Finance Agency Service (PHFA), for the **total unpaid balance** due

under the provisions of Debtors' mortgage agreement with PHFA, to the extent the claim is a secured claim, within the meaning of 11 U.S.C. §506(a), secured by a lien on Debtors' interest in 2716 E. Birch Street, Philadelphia, PA 19134-5710 which is not void or avoidable under the provisions of the Bankruptcy Code;

      g.    **CLASS 7** - The claim filed and allowed by the Pennsylvania Department of Revenue for 2007 Personal Income taxes, to the extent the claim is an allowed secured claim secured by a lien that is not void or avoidable under the provisions of the bankruptcy code. **Claim # 1-1.**

      h.    **CLASS 8** - The claims filed on behalf of Ashley Funding Services, LLC as assignee of Syndicated Office Systems, Inc. Through its agent Resurgent Capital Services - **Claims numbered: 3-1; 4-1 and 5-1.** These claims are facially defective as they are completely unsupported by any documentation evidencing the existence of any underlying debt or obligation of either Debtor to pay the claimant or its agent. They were the subject of adversary action #16-00405 which has been settled. Pursuant to the Consent Order which has been stipulated to, the claims are being disallowed.

      i.    **CLASS 9** - All other **unsecured** claims which are filed and allowed, including any allowed unsecured claims that are filed and allowed in favor of the Philadelphia Gas Works. **Class 8 Claims** are not included in this **Class 9.**

    j. **CLASS 10** - All other claims which are not filed or are filed and disallowed or which are filed late.

  3. The payments received by the trustee from Debtors pursuant to this plan shall be distributed as is set forth in the sub-paragraphs that follow.  **A summary of the totals that will be paid out by the Trustee is set forth in paragraph 25 below**:

    a. **CLASS 1 CLAIMS**:  The amount paid by Debtors to the trustee shall be distributed first to the Class 1 Claims, pro-rata, until they are paid **in full**;

    b. **CLASS 2 CLAIMS:**  No payments shall be made by the trustee to the holder of the filed and allowed Class 2 claim for mortgage arrears.  **This plan is not a cure plan** and the plan **does not** provide for Debtors to maintain current payments and cure any arrears.

    c. **CLASS 3 CLAIMS: No payments shall be made by the trustee to the holder of the filed and allowed Class 3 Claim.**  The treatment of this claim has been determined by Stipulation of Settlement set forth in paragraph 2.(c.) above.  In accordance with that stipulation, Debtor has made a lump sum payment of $20,000.00 to the holder of the Class 3 Claim and the mortgage and note and judgment have been, or shall be, marked satisfied.  No further payments are required from Debtor on this claim.

    d. **CLASS 4 CLAIMS: No payments shall be made by**

**the trustee to the holder of the filed and allowed Class 4 Claim.** Commencing 30 days **after the effective date** of the plan the **Debtor** shall pay **directly** to the **City of Philadelphia as the holder of the filed and allowed Class 4 Claim** the sum of **$97.19** a month until a total of **$3,498.84** has been paid on account of such allowed secured claim. This amount represents the principal balance of the claim plus present value interest at the rate of 3% simple interest per annum. Once The City received the sum of $3,498.84, it shall mark its lien satisfied and its claim "paid in full" in its records.

  e. **CLASS 5 CLAIMS:  No payments shall be made by the trustee to the holder of the filed and allowed Class 5 Claim. The Class 5 claim of the City of Philadelphia, dba PGW <u>is expressly not provided for by this plan</u> within the meaning of 11 U.S.C. §§1328 and §1325(a)(5) of the bankruptcy code**.

  f. **CLASS 6 CLAIMS:** No payments shall be made by the trustee to **PHFA** the holder of the Class 6 claims.  However, to the extent the claim is a secured claim within the meaning of 11 U.S.C. §506(a), secured by a lien on 2716 E. Birch Street, Philadelphia, PA 19134-5710 which is not void or avoidable, PHFA shall retain its lien, to the extent it is not void, avoided, or subject to avoidance under 11 U.S.C. §506(d) or any other provisions of the Bankruptcy Code, and shall receive payments directly from Debtors pursuant to paragraph 10 below.

      g.    **CLASS 7 CLAIMS**: **Commencing 30 days after the effective date of the plan <u>the trustee</u> shall pay to Pennsylvania Department of Revenue** the holder of the filed and allowed **Class 7 Claim** the sum of $82.49 a month until a total of **$2,969.64** has been paid on account of such allowed secured claim.  This amount represents the principal balance of the claim plus present value interest at the rate of 3% simple interest per annum. Once the Pennsylvania Department of Revenue has received this sum, it shall mark its lien satisfied, and shall correct its records to reflect the claim has been "paid in full."

      h.    <u>**CLASS 8 CLAIMS:**</u> **No payments shall be made by the Trustee** to **Resurgent Capital Services** the holder of the filed **Class 8 Claims** – **Claim #s 3-1,4-1 and 5-1**. These claims have been filed with no documentation demonstrating the existence of any debt or obligation of either Debtor to the holder of the claims and have been or will be disallowed by a Consent Order that has been or will be entered by the Court in resolution of Adversary Case # 16-00405.

      i.    <u>**CLASS 9 CLAIMS:**</u> After application of the appropriate amount to the holders of **Class 1 and Class 7** claims the Trustee shall distribute all other amounts that come into his hands to the holders of the filed and allowed **Class 9** claims, including any **unsecured** claim of PGW,, <u>pro rata,</u> until 100% of their claims have been paid or until 60 months have elapsed from

-7-

the commencement of payments, or until Debtors have paid the full amount required to be paid by them pursuant to paragraph 1 above, whichever occurs first.

Any money remaining in the hands of the trustee after the expiration of the plan shall be returned to Debtors.

j. **CLASS 10 CLAIM**: The holders of **Class 10** claims are provided for in this plan as follows: **No payments are to be made to the holders of Class 10 Claims.**

4. This plan shall continue until Debtors have paid 100% of the allowed unsecured claims or until Debtors have paid to the Trustee the total set forth in paragraph 1(a) and (b) above to the Chapter 13 Trustee, whichever first occurs.

5. Confirmation of this plan shall constitute a finding that the plan constitutes Debtors' best effort under all the circumstances to pay the creditors, within the meaning of 11 U.S.C. §727(a)(9).

6. Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. §1322(d) that there is cause for extending the plan beyond 3 years from the date of filing. Confirmation shall also constitute approval of such extension.

7. Confirmation of this plan shall constitute a finding that the holder of the **Class 3 claim** secured by a lien on 2716 E. Birch Street, Philadelphia, PA 19134-5710, either in its own right or through its agent, is secured by an interest in

Case 15-16334-amc   Doc 67   Filed 06/12/17   Entered 06/12/17 16:40:45   Desc Main
Document      Page 9 of 14

personal property as well as in real property and its rights may be modified in accordance with ll U.S.C. §1322(b)(2) and that its rights may be separately modified pursuant to 11 U.S.C. §1322(c)(2).

8. Debtors shall be required to make no payments to or for the benefit of U.S. Bank, or its agent or successor, or to the holder of the allowed secured **Class 3 Claim** other than the $20,000.00 lump sum payment provided by the Stipulation of Settlement referred to in paragraph 2.(c.) above.

9. J.P. Morgan Chase Bank N.A. in accordance with the aforesaid Stipulation of Settlement and Order of the Court shall, if it hasn't already done so, immediately, and without demand by Debtors, file a satisfaction piece with the Philadelphia Department or Records, noting that the mortgage has been satisfied and shall mark as "settled, discontinued and ended" the action in mortgage foreclosure in the case of *U.S. Bank v Stendardo*, Phila. C.C.P. April Term 2013, No. 03058 and shall further mark the Mortgage Foreclosure Judgment "Satisfied" in the records of the Philadelphia Court of Common Pleas.

10. Commencing on the effective date of this plan, **Debtors** shall pay directly to the Pennsylvania Housing Finance Agency, the sum of **$106.13** a month until 100% of the allowed secured Class 6 Claim of **PHFA** is paid in full along with present value interest at the rate of 3% simple interest *per annum*

calculated on the unpaid principal balance of the allowed secured claim - **a total of $6,367.80**.  The payments of **$106.13** shall continue until 100% of the allowed secured claim is paid in full with all accrued interest.  When 100% of the allowed secured claim is paid in full, along with all accrued present value interest - a total of **$6,367.80, PHFA** shall, at its cost and without demand by Debtors, file a satisfaction piece with the department of records reflecting the satisfaction of its mortgage on 2716 E. Birch Street, Philadelphia, PA 19134-5710.

    11.  Paragraph 12 above is intended to modify the rights of **PHFA** within the provisions of 11 U.S.C. §1322(b)(2) and 1325(a)(5)(B) by modifying the interest **PHFA** would otherwise be entitled to receive, but for the bankruptcy, without changing the unpaid principal balance of the mortgage.

    12.  Confirmation of this plan shall constitute a finding that the defaults, if any, which are cured by this plan are cured within a reasonable time, within the meaning of 11 U.S.C. §1322(b)(5).

    13.  **By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, other than Debtors, so long as this case remains pending, and further agree to take no steps to collect their claims in any other forum or in any manner inconsistent with this**

**plan**.

14.  Confirmation of this plan shall constitute a finding that the instant plan was proposed by Debtors in good faith and constituted Debtors' best effort within the meaning of 11 U.S.C. §727(a)(9).

15.  The lien of PHFA on 2716 E. Birch Street, Philadelphia, PA 19134-5710, securing its secured Class 6 Claim, shall survive the confirmation of Debtors' plan to the extent such lien is not void, avoided, or subject to avoidance.  PHFA shall correct its records regarding Debtors' accounts to reflect the provisions of this plan.  **PHFA AND ANY OF ITS RESPECTIVE SUCCESSORS IN INTEREST SHALL BE SPECIFICALLY BARRED BY THE ORDER OF CONFIRMATION FROM ATTEMPTING IN ANY FORUM TO COLLECT FROM DEBTOR AN AMOUNT THAT IS INCONSISTENT WITH THE PROVISIONS OF THIS PLAN.**

16.  Title to Debtors' interest in 2716 E. Birch Street, Philadelphia, PA 19134-5710 shall not re-vest in Debtors until the completion of their chapter 13 plan.  However, Debtors shall have sole right to the use and possession of the property during the pendency of their bankruptcy.  When the property revests in Debtors **upon the entry of an order of discharge**, it shall vest in Debtors free and clear of all claims of all creditors provided for by this plan.

17.  Confirmation of this plan shall constitute an

order that Debtors' continued possession of 2716 E. Birch Street, Philadelphia, PA 19134-5710, is essential to the success of Debtors' plan and a finding that Debtors' plan would likely fail if Debtors were forced to relinquish possession of the property.

18. Upon application or motion with appropriate notice as required by the Federal Rules of Bankruptcy Procedure to interested parties and to the Chapter 13 Trustee, Debtors may alter the amount or timing of payments under this plan. Such modifications shall be permitted if they are reasonable and if they do not decrease the total amount of money that will be paid out to the Class 1, Class 3 or Class 6 claimants.

19. Any money or property acquired by either the trustee or Debtors while this case is pending shall be deemed exempt property of Debtors, if exemptible, and will be forthwith delivered to Debtors.

20. Any money remaining in the hands of the trustee after this plan has terminated for any reason, shall be returned to Debtors.

21. Upon completion of this plan, all debts listed in Debtor's chapter 13 statement, except those excepted by 11 U.S.C. §1328(a)(1) or (a)(2), and those not provided for in this plan, shall be discharged.

22. **Commencing with the effective date of the plan Debtors shall maintain the current real estate tax payments and**

**shall maintain hazard insurance on Debtors' home.  Neither U.S. Bank nor its agent J.P. Morgan Chase Bank, N.A. ("Chase")nor the holder of the note and the mortgage on Debtors' home, nor the holder to the Mortgage Foreclosure Judgment shall make any payments on taxes on Debtors' home or for hazard insurance on the property.  Should U.S. Bank, or Chase,or the holder of the note and the mortgage on Debtors' home or the holder of the Mortgage Foreclosure Judgment, directly or through an agent make such payments of real estate taxes or insurance, it shall do so as a volunteer, for its own benefit, and it shall have no recourse against Debtors for reimbursement of such payments.**

     23.    Confirmation of this plan shall constitute an order enjoining all creditors from taking any actions inconsistent with this plan and from attempting to proceed against the debtor in any other forum, <u>any orders proceeding the confirmation order to the contrary notwithstanding</u>.

     24.    The **effective date** of this plan shall be the date of confirmation.

     25.    Summary of payments by trustee:

| | | | |
|---|---|---|---|
| a. | Class 1 - Trustee Commission | | 220.00 |
| b. | Class 2 - No payments | | 0.00 |
| c. | Class 3 - U.S. Bank (Claim #6) | Direct - Paid off | |
| d. | Class 4 - City - Taxes (Claim #2) | Direct | |
| e. | Class 5 - PGW Secured - not provided | | 0.00 |

| | | | |
|---|---|---|---:|
| f. | Class 6 - PHFA - | | Direct |
| g. | Class 7 - Pa. Dept. Rev. (Claim #1) | | **$2,969.64** |
| h. | Class 8 - Resurgent (Claims #3,#4,#5) | | 0.00 |
| i. | Class 9 - Other unsecureds | | Residual |
| j. | Class 10 - Unfiled, late filed | | 0.00 |

26. The trustee's commission shall be limited to 10% of the sums actually distributed by him even if that amount is less than $5.00 a month.

Date: <u>June 12, 2017</u>  /s/ Irwin Trauss
IRWIN TRAUSS, ESQUIRE
Attorney for Debtors

PHILADELPHIA LEGAL ASSISTANCE
718 Arch Street, Suite 300N
Philadelphia, PA 19106
(215) 981-3811